UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

        Plaintiff,

                                                Case No. 1:04-cv-866

v.                                            HON. R. ALLAN EDGAR

TROY HUIZING, et al.,

        Defendant(s).

_____/

## REPORT AND RECOMMENDATION

Plaintiff Fred Reeves filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Troy Huizing, Amber Michelin and Sgt. Butler. Plaintiff alleges that on March 8, 2004, defendants Huizing and Michelin approached plaintiff's cell. Defendant Michelin allegedly spilled taco sauce on plaintiff's meal tray. Plaintiff maintains there was an imprint on his burrito and when he bit into the burrito, he found a sewing needle inside. The needle allegedly cut plaintiff. Plaintiff states he knows that defendant Huizing put the needle in the burrito because Huizing told plaintiff that plaintiff had a big mouth and complained too much to the courts. Plaintiff called defendant Michelin for health care, but was refused.

Presently before the Court is defendants' Motion to Dismiss. Defendants maintain that plaintiff has deliberately mislead the Court regarding his litigation history and has failed to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the Court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Under the section of the form complaint requiring the plaintiff to identify prior lawsuits filed during his incarceration, plaintiff identified only one lawsuit. Plaintiff has filed approximately forty lawsuits while confined in prison. The form complaint provides cautionary language about providing complete responses. It states:

> CAUTION: The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the required $150 filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set fourth below will result in denial of the privilege of proceeding in forma pauperis and require you to pay the entire $150 filing fee regardless whether your complaint is dismissed.

Prior to the filing of this case, Chief Judge Bell issued an injunction on March 31, 2004, requiring plaintiff to file all future complaints on the form complaint and to "complete all sections of that form." Plaintiff was warned that failure to follow the injunction would result in dismissal of the complaint. *Reeves v. Smith*, 4:03-cv-50, Judgment and Injunction, docket #233.

The Ninth Circuit in *Albright v. Holden*, 1996 WL 593172 (9th Cir. 1996), affirmed the dismissal without prejudice of a prisoner's 42 U.S.C. § 1983 complaint because the prisoner failed to disclose his prior lawsuits in his complaint, and instead falsely stated that he had not filed any lawsuits during his imprisonment. The prisoner explained that he thought the question required disclosure of only lawsuits filed not involving his prison confinement. The court explained that the "failure to provide information about previous lawsuits interfered with the court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation." *Id.*

In this case, plaintiff listed only one lawsuit in the section of the complaint requiring full disclosure of previous litigation involving his incarceration. Plaintiff has not set forth any valid excuse for his failure to fully disclose his prior lawsuits. Plaintiff argues that his deception did not prejudice defendants or this Court. However, plaintiff was already required by an injunction to fully complete the complaint form or face dismissal of his action. Therefore, in the opinion of the undersigned dismissal without prejudice of this action is an appropriate sanction in this case.

Defendants further argue that dismissal without prejudice is appropriate because plaintiff has failed to exhaust his administrative grievance remedies because his grievances were filed in an untimely manner. Defendants concede that the Sixth Circuit has ruled that when the prison rejects a grievance as untimely, the grievance is exhausted when the prisoner grieves each level of the prison grievance procedure. *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003). Defendants argue that this Court should follow the dissenting opinion in *Thomas*. However, this

Court is required to apply precedent as developed by the higher courts. Dissenting opinions do not establish precedent for lower courts to follow.

Defendants urge this Court to dismiss this matter on the merits for failure to state a claim upon which relief may be granted. However, plaintiff's allegations set forth an Eighth Amendment claim that satisfies pleading standards for *pro se* prisoners.

Accordingly, it is recommended that defendants' Motion to Dismiss (docket #18) be granted, dismissing plaintiff's complaint without prejudice.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   December 8, 2005